UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ANDREW MARTIN KOWALEVICZ, JR.
1700 Clarendon Blvd. #135
Arlington, VA. 22209

       Plaintiff,

Vs.

THE UNITED STATES OF AMERICA
950 Pennsylvania Ave. NW
Washington, DC 20530

Serve:

Channing D. Phillips
United States Attorney for the
District of Columbia
555 4th Street, NW
Washington, DC 20001

Loretta E. Lynch
Attorney General of the
United States
950 Pennsylvania Ave. NW
Washington, DC 20530

       Defendants.

_____

**<u>COMPLAINT</u>**

    COMES NOW the Plaintiff, Andrew Martin Kowalevicz Jr., ("Plaintiff Kowalevicz")

by and through his attorneys, Jane Carol Norman, Bond & Norman Law, PC and sues

the Defendant United States of America ("United States") as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, against the Defendant United States of America, ("United States") which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the Federal District Court.

2. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(b)(2), as well as 28 U.S.C. § 1391(e)(1) because the United States is a defendant and the events complained of herein occurred in the District of Columbia.

3. On July 29, 2015 Plaintiff Kowalevicz submitted a timely Form 95 Administrative Law Claim to the Defendant United States of America to its General Law Division, United States Department of the Interior. No response from the Defendant United States has been received to date and it has been more than six months since the Form 95 was submitted. Therefore, Plaintiff chooses to file suit at his option in accordance with 28 U.S.C. § 2675(a).

**PARTIES**

4. The Plaintiff Andrew Kowalevicz is an adult natural person who resides in the Commonwealth of Virginia.

5. The Defendant United States of America is liable through the actions of its employee United States Park Police Officer Lucas Coleman ("Officer Coleman"), and other United States Park Police Officers who assisted Officer Coleman in the stop and arrest of Plaintiff without reasonable articulable suspicion or probable cause on November 13, 2013, and the initiation and perpetuation of criminal alcohol related traffic charges

against Plaintiff despite the fact that Plaintiff's intoxiimeter breath samples returned

with a reading of .000 and there was no other indicia of impairment.

6.   At all times mentioned herein Officer Coleman, and any other US Park Police Officers

assisting him in the events mentioned herein, were acting in the course and scope of

their employment with the Defendant United States.

## STATEMENT OF FACTS

7.   On or about Wednesday, November 13, 2013 at approximately 2258 hours, Plaintiff

Andrew Martin Kowalevicz was driving his white Dodge Intrepid bearing VA tags

WVE7188 around Washington circle, turning South onto New Hampshire Avenue, NW.

For no valid legal reason, without reasonable articulable suspicion that a crime had

been committed and without probable cause, Officer Lucas Coleman of the United

States Park Police initially decided to follow, and then decided to stop, Plaintiff

Kowalevicz at the 2400 Block of G Street, SW. Although later Officer Coleman gave as a

reason for the initial pursuit that Plaintiff had failed to signal and then later swerved

into another lane before coming to a sudden stop, Officer Coleman issued no traffic

citations to Plaintiff for these alleged traffic violations.

8.   Despite the fact that Plaintiff Kowalevicz was clearly not impaired in any way, or under

the influence of alcohol or any other substance, Officer Coleman subjected Plaintiff to

multiple field sobriety tests. Plaintiff Kowlaevicz repeatedly told Officer Coleman that he

was not intoxicated, and that he was very nervous. Plaintiff had no problem with the tests.

Despite this, Officer Coleman arrested Plaintiff on suspicion of Driving Under the

Influence of Alcohol.

9.  At the scene, Plaintiff asked Officer Coleman if he could take a breathalyzer test on the spot. Officer Coleman instead took him back to the US Park Police Station. While back at the station US Park Police Officer, J. Taylor ("Officer Taylor") administered an intoxiimeter breathalyzer test approximately one hour after Plaintiff's arrest and obtained two breath samples from Plaintiff. The readings came back as .000. There was never any allegation in Officer Coleman's official incident report that he believed that Plaintiff was driving under the influence of any substance other than alcohol. Neither Officer Coleman nor any other U.S. Park Police Officer or employee at the station ever asked Plaintiff's consent for a blood draw, which Plaintiff would have consented to, nor was application for a warrant made for one. No other tests for detecting the presence of alcohol or drugs in Plaintiff's system was ever requested or administered, including a urinalysis or the use of a drug recognition expert.

10. Instead, despite the fact that Plaintiff's breath alcohol levels twice registered at .000, and without requesting any further tests, Officer Coleman and other employees of the Defendant United States who assisted him initiated and perpetuated criminal traffic charges against Plaintiff Kowalevicz. This resulted in Plaintiff Kowalevicz being charged in DC Superior Court with criminal misdemeanor traffic offenses of Driving Under the Influence of Alcohol or a Drug and Operating a Vehicle While Impaired, in Case 2013 CTF 021193. These charges have penalties that can include significant periods of incarceration and significant fines for a first offense and a permanent conviction record.

11. As a result, Plaintiff Kowalevicz, a respected engineer who had never been in trouble before in his life, was forced to hire an attorney. He was forced to suffer the anxiety and worry of possible incarceration. He was forced to endure the embarrassment and

humiliation of appearing in criminal traffic court on multiple occasions in packed

courtrooms filled with other people who heard about the case and the charges against

him.  Plaintiff's final appearance was on January 6, 2014 for trial when the case was

finally dismissed in his favor.

12.  The arrest and prosecution, although ultimately dismissed in his favor, has been

devastating emotionally, financially, and career wise for Plaintiff Kowalevicz. Plaintiff is an

engineer whose employer, Raytheon Company, contracts with the federal government. As

such, Plaintiff is subject to strict routine security clearance checks. As a result of the

arrest and resulting prosecution arising out of the November 13, 2013 incident, Plaintiff's

high security clearance has been revoked. He was required to undergo two separate

interviews with federal government investigators and Raytheon investigators. Plaintiff

has subsequently been barred from many important job related meetings and

opportunities.  Because of the nature of the charges being alcohol related, this incident

can not, either by law or regulation, ever be removed from Plaintiff's federal investigative

record. Plaintiff will forever have this mark on his record for consideration of future job

opportunities, security clearances and promotions.

WHEREFORE, Plaintiff Kowalevicz hereby requests the relief as set forth below.


## COUNT I
### NEGLIGENCE

13.  Plaintiff hereby incorporates paragraphs 1 through 12, inclusive, as if set forth at length

herein.

14.  Officer Coleman owed a duty to Plaintiff Kowalevicz as a Federal Law Enforcement Officer

to act responsibly in his professional interactions with Plaintiff and not to inflict harm

upon him. On November 13, 2013 Officer Coleman, assisted by other United States Park

Police Officers, all acting in the course and scope of their duties with the Defendant United

States, breached that duty by committing the following negligent and/or grossly negligent

acts including but not limited to:

   a. Negligently failing to have reasonable articulable suspicion or probable cause to

      follow and stop Plaintiff;

   b. Negligently going ahead and administering field sobriety tests to Plaintiff in the

      absence of any reasonable articulable suspicion of impairment;

   c. Negligently administering the field sobriety tests themselves;

   d. Negligently failing to properly interpret the field sobriety tests and using the faulty

      interpretations as a basis to arrest Plaintiff;

   e. Negligently arresting Plaintiff without probable cause to do so;

   f. Negligently initiating and perpetuating criminal traffic charges against Plaintiff

      despite the fact that Plaintiff's intoxiimeter two breath alcohol readings were .000 and

      there was no other indicia of impairment and despite advising Plaintiff that the

      charges against him would most likely be dismissed in Court.

15. As a result of the direct and proximate result of the foregoing negligence, Plaintiff

   Kowalevicz was subjected to great physical discomfort, pain and suffering, severe

   emotional distress, humiliation, embarrassment , loss of security clearance, loss of income,

   a permanent arrest record, towing charges, and was otherwise damaged and injured.

## COUNT II
## FALSE ARREST

16.  Paragraphs 1-15 are incorporated herein by reference as though fully set forth herein.

17.  By the conduct and actions described above, Officer Coleman, assisted by other United States Park Police Officers, all acting in the course and scope of their duties with the Defendant United States, inflicted the tort of false arrest upon Plaintiff Kowalevicz.

18.  Specifically Officer Coleman intentionally, willfully, unlawfully and with actual malice detained and arrested Plaintiff Kowalevicz without reasonable articulable suspicion that a crime had been committed or that Plaintiff was impaired, acted without a warrant, without probable cause, and without any other legal justification. The arrest occurred for a significant amount of time.

19.  Officer Coleman subjected Plaintiff Kowalevicz to humiliating field sobriety tests, without reasonable suspicion of impairment, which were then used as a false basis to arrest Plaintiff.

20.  By the conduct and actions described above, the acts of Officer Coleman and other United States Park Police Officers who assisted him, committed the tort of false arrest upon Plaintiff in that the above described arrest was intentional, unauthorized, without probable cause, and without any other legal justification. Further, the arrest was made with malice and was grossly offensive in nature.

21.  As a result of the direct and proximate result of the foregoing false arrest, Plaintiff Kowalevicz was subjected to great physical discomfort pain and suffering, severe emotional distress, humiliation, embarrassment , loss of security clearance, loss of income, a permanent arrest record, towing charges, and was otherwise damaged and injured.

## COUNT III
## MALICIOUS PROSECUTION

22.  Paragraphs 1-21 are incorporated herein by reference as though fully set forth herein.

23. By the conduct and actions described above, Officer Coleman, and other United States Park Police Officers who assisted him, all acting in the course and scope of their employment with the Defendant United States, inflicted the tort of malicious prosecution upon Plaintiff Kowalevicz.

24. Specifically Officer Coleman, assisted by other United States Park Police Officers, maliciously, intentionally and unlawfully initiated and perpetuated criminal traffic proceedings against Plaintiff Kowalevicz despite knowing that there had been no probable cause for the underlying arrest; and despite knowing that Plaintiff's breath alcohol level had tested twice at .000. In fact, after Officer Coleman initiated the charges against Plaintiff, he told Plaintiff that when Plaintiff went to Court the charges against him would most likely be dismissed, which in fact they were.

25. The prosecution was initiated and perpetuated by Officer Coleman, assisted by other United States Park Police Officers, in order to fraudulently conceal the fact that Officer Coleman had stopped, detained, administered field sobriety tests and arrested Plaintiff without reasonable articulable suspicion or probable cause.

26. The prosecution was terminated in Plaintiff's favor on or about January 6, 2014.

27. As a result of the direct and proximate result of the foregoing malicious prosecution, Plaintiff Kowalevicz was subjected to great physical discomfort pain and suffering, severe emotional distress, humiliation, embarrassment , loss of security clearance, loss of income, a permanent arrest record, towing charges, and was otherwise damaged and injured.

## COUNT IV
## ABUSE OF PROCESS

28. Paragraphs 1-27 are incorporated herein by reference as though fully set forth herein.

29. By the conduct and actions described above, Officer Coleman and other United States Park Police Officers who assisted him, all acting within the course and scope of their employment with the Defendant United States, inflicted the tort of abuse of process upon Plaintiff Kowalevicz.

30. Specifically Officer Coleman maliciously, intentionally and unlawfully initiated and perpetuated criminal traffic proceedings against Plaintiff Kowalevicz despite knowing that there had been no probable cause for the underlying arrest; and despite knowing that Plaintiff's breath alcohol level had tested twice at .000. In fact, after Officer Coleman initiated the charges against Plaintiff, he told Plaintiff that when Plaintiff went to Court the charges against him would most likely be dismissed, which in fact they were.

31. The criminal traffic prosecution was initiated and perpetuated by Officer Coleman, assisted by other United States Park Police Officers, to conceal the fact that Officer Coleman had stopped, detained, administered field sobriety tests and arrested Plaintiff without reasonable articulable suspicion and without probable cause.

32. The prosecution was terminated in Plaintiff's favor on or about January 6, 2014.

33. The prosecution was initiated and perpetuated by Officer Coleman and those United States Park Police Officers who assisted him for a fraudulent reason and not for one anticipated in the normal course and conduct of the criminal courts of the District of Columbia: that is the prosecution was initiated and perpetuated in order to conceal the negligent and malicious conduct of a Federal Law Enforcement Officer, Officer Coleman, and to avoid administrative or civil action that might have been brought against Officer Coleman by either the United States Park Police or Plaintiff.

34. As a result of the direct and proximate result of the foregoing abuse of process, Plaintiff

Kowalevicz was subjected to great physical discomfort. pain and suffering, severe

emotional distress, humiliation, embarrassment , loss of security clearance, loss of income,

a permanent arrest record, towing charges, and was otherwise damaged and injured.

### COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35.  Paragraphs 1-34 are incorporated herein by reference as though set forth

herein.

36.  Officer Coleman owed a duty to Plaintiff Kowalevicz as a Federal Law Enforcement Officer

duty to act responsibly in his professional interactions with Plaintiff and not to

intentionally or negligently inflict harm upon him.

37.  By the conduct and actions described above, the acts of Officer Coleman,

and other United States Park Police Officers who assisted him, all acting in

the course and scope of their employment with the Defendant United

States, in following and stopping Plaintiff Kowalevicz without reasonable

articulable suspicion that a crime had been committed; forcing him to take

unnecessary and humiliating sobriety field tests without reasonable

suspicion that Plaintiff was impaired; arresting Plaintiff without probable

cause; and fraudulently initiating misdemeanor criminal traffic

proceedings against him despite the fact that Plaintiff's breath alcohol level

tested at .000, in order to conceal Officer Coleman's own wrongdoing and

to keep him from civil or administrative proceedings that might have been

brought against him by either Plaintiff or the United States Park Police. All

this was done by Officer Coleman with the entire weight of the United

States Government behind him.

 The acts of Officer Coleman were extreme, outrageous, and utterly

intolerable in a civilized community. These acts exceeded all reasonable

bounds of decency.

 The conduct of Officer Coleman was even more outrageous because

Plaintiff Coleman told him how damaging an arrest of this type would have

on his career, which it has had.

38. By the conduct and actions described above, the acts of Officer Coleman,

acting in the course and scope of his employment with the United States,

described above, were intended to and did cause severe and ongoing

emotional distress to Plaintiff Kowalevicz.

39. As a result of the direct and proximate result of the foregoing intentional infliction of

emotional distress, Plaintiff Kowalevicz was subjected to great physical discomfort pain

and suffering, severe emotional distress, humiliation, embarrassment , loss of security

clearance, loss of income, a permanent arrest record, towing charges, and was otherwise

damaged and injured.


## COUNT VI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Paragraphs 1-39 are incorporated as though fully set forth herein.

41. Officer Coleman owed a duty to Plaintiff Kowalevicz as a Federal Law Enforcement Officer

duty to act responsibly in his professional interactions with him and not to intentionally

or negligently inflict harm upon him.

42. The acts of Officer Coleman and other United States Park Police Officers who assisted him, acting in the course and scope of their employment with the United States, negligently breached that duty and therefore negligently inflicted emotional distress upon Plaintiff in committing the following acts of gross negligence and/or negligence including but not limited to:

    Negligently following and stopping Plaintiff Kowalevicz without reasonable articulable suspicion that a crime had been committed; negligently forcing Plaintiff to take unnecessary and humiliating sobriety field tests without reasonable articulable suspicion that Plaintiff was impaired; negligently conducting and interpreting the field sobriety tests; negligently arresting Plaintiff without probable cause; and negligently initiating and perpetuating misdemeanor criminal traffic proceedings against Plaintiff.

43. Officer Coleman was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

44. As a result of the direct and proximate result of the foregoing negligent infliction of emotional distress, Plaintiff Kowalevicz was subjected to great physical discomfort pain and suffering, severe emotional distress, humiliation, embarrassment , loss of security clearance, loss of income, a permanent arrest record, towing charges, and was otherwise damaged and injured.

WHEREFORE, it is respectfully requested that the Defendant United States pay to the Plaintiff Andrew Kowalevicz the amount of TEN MILLION DOLLARS ($10, 000,000.00) in

compensation plus attorneys fees, costs, and any other amount that this Court deems

appropriate.

Respectfully Submitted,

*/s/Jane Carol Norman*
Jane Carol Norman #384030
Bond & Norman Law, PC
777 6th St. NW
Suite 410
Washington, DC 20001
202-423-3863
Fax: 202-207-1041
Email: janenorman@bondandnorman.com

Attorneys for the Plaintiff Andrew Kowalevicz