UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW MARTIN KOWALEVICZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-CV-2494 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h), Defendant United States hereby submits this statement of material facts as to which there is no genuine dispute in support of its motion for summary judgment on Counts II and III.

1.     On November 13, 2013, United States Park Police ("USPP") Officer Lucas Coleman was on patrol in a marked police cruiser in Washington, D.C.  Ex. A (Decl. of Lucas Coleman) ¶¶ 1, 2.

2.     At approximately 22:58 hours, Officer Coleman observed a white Dodge Intrepid vehicle traveling around Washington Circle near the 2300 block of K Street NW.  *Id.* ¶ 5.

3.     He observed the vehicle fail to signal a lane change and a turn.  *Id.* ¶ 6.

4.     Officer Coleman then followed the vehicle.  *Id.* ¶ 7.  He observed the vehicle drift out of its lane and make a sudden stop.  *Id.* ¶ 7.

5.     Officer Coleman activated his emergency equipment and lights.  *Id.* ¶ 8.

6.     The vehicle stopped in the middle of the lane, blocking traffic flow, instead of pulling over to the right side of the roadway.  *Id.* ¶ 9.

7.     When Officer Coleman walked up to the driver's side of the vehicle, he immediately detected a strong odor of alcohol coming from within the vehicle.  *Id.* ¶ 10.  Before

he said anything, the driver yelled, "TELL ME WHY YOU STOPPED ME!" *Id.* The driver's

speech sounded slurred. *Id.* Officer Coleman also observed the driver's eyes were red,

bloodshot and watery. *Id.*

8.      The driver admitted that he had one drink. *Id.* ¶ 11.

9.      The driver eventually produced a valid Virginia driver's license indicating that he

was Andrew Martin Kowalevicz. *Id.* ¶ 12.

10.      Based on Officer Coleman's observations of Kowalevicz's unsafe driving, the

strong odor of alcohol coming from his vehicle, his slurred speech, his red, bloodshot and watery

eyes, and his admission that he had a drink, Officer Coleman believed that he had reasonable

suspicion to administer standard field sobriety tests ("SFST") to Kowalevicz. *Id.* ¶ 13.

11.      Office Coleman asked Kowalevicz to step out of his vehicle to conduct SFST. *Id.*

¶ 15. As he stepped out, Officer Coleman observed that Kowalevicz's balance was unsure and

that he put his hand on his vehicle for balance. *Id.* Officer Coleman also smelled an odor of

alcohol emanating from Kowalevicz's person. *Id.*

12.      Officer Coleman administered three types of SFST to Kowalevicz:  (a) horizontal

gaze nystagmus ("HGN"), (b) walk and turn, and (c) one leg stand. *Id.* ¶ 16.

13.      Kowalevicz stated he had no medical conditions that would inhibit his

performance on the SFST. *Id.* ¶ 17.

14.      For the HGN, Kowalevicz turned his head twice while following the stimulus

(Officer Coleman's left index finger), and displayed a lack of smooth pursuit in both eyes,

distinct and sustained nystagmus at maximum deviation in both eyes, and onset of nystagmus

prior to 45 degrees in both eyes. *Id.* ¶ 18.

15.      For the walk and turn test, Kowalevicz had a difficult time keeping his balance.

*Id.* ¶ 19. Officer Coleman observed Kowalevicz miss the heel to toe on steps 1 and 2, and that he

2

had his arms raised for balance during the entire test. *Id.* At one point, he stated, "I'm losing my balance because I'm nervous." *Id.*

16.     For the one leg stand test, Kowalevicz used his arms for balance for the entire test. *Id.* ¶ 20. After Officer Coleman instructed Kowalevicz to put his foot down, Kowalevicz continued to keep his foot raised and to look down. *Id.* After a moment, he looked up, stared at Officer Coleman blankly, and stated, "I can keep going." *Id.*

17.     Based on his training and experience, Officer Coleman concluded Kowalevicz's SFST performance indicated intoxication. *Id.* ¶ 21. In conjunction with Officer Coleman's other observations (*i.e.*, Kowalevicz's unsafe driving; the strong smell of alcohol emanating from his vehicle and from his person; his slurred speech; his red, bloodshot, and watery eyes; and his admission that he had a drink), Officer Coleman determined he had reasonable cause to believe that Kowalevicz's ability to operate a motor vehicle was impaired by alcohol or drugs. *Id.*

18.     Under USPP General Order 2510.02, to support any arrest for Driving While Intoxicated ("DWI"), an officer must ensure that the following conditions are met:

    a.   The suspect was operating or in control of a motor vehicle.

    b.   The suspect's operation of the motor vehicle occurred in an area where the officer was authorized to enforce applicable DWI laws and regulations.

    c.   The officer has cause to believe the suspect's ability to operate a motor vehicle was impaired by alcohol and/or drugs.

*Id.* ¶ 22.

19.     In accordance with USPP General Order 2510.02, and based on his observations and on the results of the SFST, Officer Coleman arrested Kowalevicz for Driving Under the Influence of Alcohol or Drugs ("DUI"). *Id.* ¶ 23.

20.     At the USPP District One station, Officer Taylor requested Kowalevicz's consent to perform a breathalyzer test.  *Id.* ¶ 25.  Kowalevicz consented and the test was performed.  *Id.* The test results came back negative, with .000 blood alcohol content.  *Id.*

21.     Traffic offenses in the District of Columbia are generally prosecuted by the District of Columbia's Office of the Attorney General ("OAG").  *Id.* ¶ 27.

22.     In accordance with USPP procedure, Officer Coleman prepared a report of arrest for the DUI charge, also referred to as a *Gerstein*, and submitted it to the OAG.  *Id.* ¶ 28.

23.     The OAG reviewed the *Gerstein* and found that the arrest was based on probable cause, and that sufficient evidence existed to further prosecute the charges.  *Id.* ¶ 29.  Officer Coleman's submission was accepted (also called "papered") that evening by OAG Deputy Chief Whitney Stoebner.  *Id.*

24.     On November 14, 2013, at approximately 01:30 a.m., Kowalevicz was released from USPP custody.  *Id.* ¶ 30.

25.     On or about August 5, 2014, Andrew Kowalevicz submitted to his congressional representative a complaint alleging that the USPP falsely arrested him on November 13, 2013. Ex. B (Decl. of Janice Bindeman) ¶ 3.

26.     When Representative Moran's office forwarded the complaint to the USPP, the USPP Office of Professional Responsibility assigned Sergeant Janice Bindeman to investigate Kowalevicz's allegation.  *Id.* ¶ 4.

27.     As part of that investigation, Sergeant Bindeman contacted OAG Assistant Attorney General Jeff Cargill, who was assigned to prosecute Kowalevicz for the charges arising from this arrest.  *Id.* ¶ 6.  Cargill reviewed the Kowalevicz case file and stated that there was enough evidence to prosecute this case.  *Id.*  He also stated that OAG decided to dismiss

4

Kowalevicz's case without prejudice because OAG lacked resources, not because of lack of evidence or lack of probable cause for the arrest. *Id.*

28.     As a result of the investigation, Sergeant Bindeman concluded that Officer Coleman had probable cause to arrest Kowalevicz for driving under the influence of alcohol and/or drugs based on Officer Coleman's observation of Kowalevicz's driving behavior, the results of the standard field sobriety tests, and other observations at the scene. *Id.* ¶ 8.

29.     The docket report for Kowalevicz's criminal case reflects that the case was dismissed for want of prosecution on January 6, 2014, because the "[g]overnment was not ready for trial." Ex. C (Docket Report for *District of Columbia v. Kowalevicz*, D.C. Superior Court Traffic Case No. 2013 CTF 021193).

Dated:  May 11, 2017

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar # 415793
United States Attorney

DANIEL VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:  /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendant*

5

## EXHIBIT INDEX

Exhibit A       Declaration of Lucas Coleman

Exhibit B       Declaration of Janice Bindeman

Exhibit C       Docket Report for *District of Columbia v. Kowalevicz*, D.C. Superior Court
                Traffic Case No. 2013 CTF 021193