UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW MARTIN KOWALEVICZ, JR.,  )
                                )
                    Plaintiff,  )          Civil Action No. 16-CV-2494 (EGS)
                                )
        v.                      )
                                )
THE UNITED STATES OF AMERICA,   )
                                )
                    Defendant.  )
_____ )

**REPLY IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT**

Plaintiff Andrew Martin Kowalevicz, Jr. has conceded that his complaint fails to state

any abuse of process claim (Count IV),[1] and his opposition is largely unresponsive to Defendant

United States' Motion to Dismiss and Motion for Summary Judgment.  His opposition reflects

his misunderstanding of probable cause.  In addition, his opposition papers failed to respond

directly to Defendant's Statement of Material Facts, and instead provides questions that make

improper comparisons, are not about relevant or material facts, or are actually legal questions,

such as whether the prosecution terminated in Kowalevicz's favor.  *See* ECF No. 12 at 16-18

("Plaintiff's Statement of Material Facts That Are in Genuine Dispute").

**A.      Negligent Infliction of Emotional Distress Claim (Count VI)**

Although Kowalevicz adopted the "zone of physical danger" test, *see* Opp'n at 28, his

opposition failed to respond to Defendant's point that his complaint does not allege that he was

ever in "the zone of physical danger," an element of a negligent infliction of emotional distress

---

[1]      Opp'n at 1 n.1 ("Plaintiff agrees to voluntarily dismiss Count IV (Abuse of Process).").
The citations herein to the parties' filings refer to the page numbers generated by the
Court's electronic filing system.

claim, *see* ECF No. 7 (Def.'s Mem.) at 14.  Defendant's showing that the complaint fails to state a claim for negligent infliction of emotional distress is unrebutted.

Accordingly, the Court should dismiss the alleged negligent infliction of emotional distress claim with prejudice.

**B.    Intentional Infliction of Emotional Distress Claim (Count V)**

Kowalevicz's opposition failed to defend his alleged intentional infliction of emotional distress claim with respect to the first element, *i.e.*, whether defendant's conduct was sufficiently extreme and outrageous.  *See* Opp'n at 26-28; *see also Smith v. United States*, 121 F. Supp. 3d 112, 124 (D.D.C. 2015) (noting that first element of an intentional infliction of emotional distress claim is "extreme and outrageous conduct on the part of the defendant," and that such "conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (internal quotation marks omitted).  As pointed out in Defendant's opening memorandum, "[w]hether the conduct complained of is sufficiently outrageous is a question of law that should be decided by the court on a motion to dismiss."  ECF No. 7 (Def.'s Mem.) at 11 (quoting *Smith*, 121 F. Supp. 3d at 124).  Defendant's showing that the complaint fails to state a claim for intentional infliction of emotional distress, *id.* at 12 (addressing first element), is unrebutted.

Kowalevicz's opposition also demonstrates that he cannot meet the high standard for "severe emotional distress."  *See* Opp'n at 27.  Embarrassment and humiliation are insufficient. *See Ortberg v. Goldman Sachs Group*, 64 A.3d 158, 164 (D.C. 2013) ("[E]mbarrassment and difficulty do not approach the level of foreseeable harm essential to establish [] intentional tort liability.") (internal quotation marks omitted).

Accordingly, the Court should dismiss the alleged intentional infliction of emotional distress claim with prejudice.

### C.    Negligence Claim (Count I)

Kowalevicz's opposition mischaracterizes Defendant's argument for dismissal of the alleged negligence claim.  *See* Opp'n at 25-26.  Defendant's opening memorandum pointed out "the complaint fails to provide factual allegations that give rise to a plausible negligence claim," and instead its factual portion "only refers to intentional acts by Officer Coleman, such as his decisions to follow and stop Kowalevicz's vehicle, to administer field sobriety tests, to arrest Kowalevicz, and to initiate criminal traffic charges."  ECF No. 7 (Def.'s Mem.) at 6.  At best, Kowalevicz's complaint merely added the word "negligently" in characterizing Officer Coleman's acts to try to make out a negligence claim.  *Id.*

In addition, contrary to Kowalevicz's apparent position, Officer Coleman's evaluation of Kowalevicz's performance on the standard field sobriety tests, *i.e.*, as suggesting, along with other evidence, that Kowalevicz's ability to operate a motor vehicle was impaired by alcohol or drugs, is not inconsistent with Kowalevicz's subsequent negative breathalyzer test results.  About an hour or so passed between the administration of the standard field sobriety tests and the administration of the breathalyzer tests, and the breathalyzer only tests blood alcohol level, not other substances or circumstances that could have affected Kowalevicz's performance on the standard field sobriety tests.

Accordingly, the Court should dismiss the alleged negligence claim with prejudice.

### D.    Alleged False Arrest Claim (Count II)

Kowalevicz's arguments regarding probable cause, including, essentially, that Officer Coleman lacked probable cause because another officer provided different observations of

Kowalevicz's appearance at the station and Kowalevicz's breathalyzer test results at the station were .000 about an hour or so after Officer Coleman observed Kowalevicz at the scene, Opp'n at 22-23, are flawed.  Probable cause is evaluated at the time of the arrest, based on what is presented at the scene.  *See*, *e.g.*, *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer *at the time of the arrest*.") (emphasis added); *Jackson v. Dist. of Columbia*, 83 F. Supp. 3d 158, 166 (D.D.C. 2015) ("[I]t must always be remembered that probable cause is evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.") (internal quotation marks omitted).

Furthermore, to the extent that Kowalevicz is offering Denea Remmert's written statement to prove the truth of the matter asserted in the statement, that is inadmissible hearsay. *See* Opp'n at 22-23; *see also* Fed. R. Evid. 801(c) (defining hearsay).

Defendant's showing that no reasonable jury could conclude that the United States Park Police ("USPP") lacked probable cause to arrest Kowalevicz is in effect unrebutted. Accordingly, the Court should grant summary judgment in favor of the United States for the alleged false arrest claim.

### E.    Alleged Malicious Prosecution Claim (Count III)

Kowalevicz's opposition, *see* Opp'n at 24-25, failed to address Defendant's argument that the complaint fails to state a malicious prosecution claim because the complaint failed to provide any specific factual allegations detailing the nature or cause of that termination.  *See* ECF No. 7 (Def.'s Mem.) at 19.  Defendant's showing that the complaint fails to state a malicious prosecution clam is unrebutted.

Although Kowalevicz's opposition adopted the standard set out in Defendant's opening memorandum, Opp'n at 24, there is zero evidence in the record that the District of Columbia's Office of the Attorney General's ("OAG") decision not to pursue Kowalevicz's prosecution reflects on his innocence for the charge of operating a vehicle while impaired.  Kowalevicz's pointing out that an assistant attorney general also stated that Kowalevicz's driving behavior was not egregious, Opp'n at 25, fails to land any blows because that statement does not suggest or reflect on Kowalevicz's innocence for the charge of operating a vehicle while impaired.  At best, that statement merely reflects OAG's exercise of prosecutorial discretion.  Defendant's showing that the criminal case did not terminate in Kowalevicz's favor is unrebutted.

In addition, Kowalevicz's arguments in defense of his alleged malicious prosecution claim fail.  *See* Opp'n at 24-25.  The docket report for Kowalevicz's criminal case indicates that OAG prosecuted it for approximately one month, *see* ECF No. 7-4 (Ex. C:  Docket Report) (indicating that charge was filed on December 2, 2013, and that the Court dismissed it for want of prosecution on January 1, 2014), not "more than one year," *e.g.*, Opp'n at 18 (para. 9), 25.  As for Kowalevicz's assertion that the criminal case "was in court at least five times," Opp'n at 25, although the docket report has multiple entries for multiple dates and is less than clear, the only dates for court appearances appear to be December 13, 2013, and January 6, 2014.  *See* ECF No. 7-4 (Ex. C:  Docket Report).

Kowalevicz's opposition also failed to address Defendant's argument that the USPP did have probable cause for initiating criminal charges against Kowalevicz.  *See* ECF No. 7 (Def.'s Mem.) at 20.  Defendant's showing is again unrebutted.

Accordingly, the Court should dismiss, or grant summary judgment in favor of the United States for, the alleged malicious prosecution claim.

## CONCLUSION

For the foregoing reasons and those more fully articulated in Defendant's opening memorandum, the Court should grant Defendant's Motion to Dismiss and Motion for Summary Judgment in its entirety.

Dated:  September 14, 2017

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar # 415793
United States Attorney

DANIEL VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendant*